Crew, J.
At the September term, 1903, of the' court of common pleas of Scioto county, Ohio, the defendant in error, Levi. S. Austin, was indicted, tried and convicted of the crime of murder in the first degree for the killing of one Harry Hornung on the twenty-eighth day of August, 1903. A motion for a new trial was duly filed by the defendant,. Levi S. Austin, which motion was upon consideration thereof by the trial court overruled, and the-jury impaneled in said cause having included in its. verdict a recommendation of mercy the defendant was thereupon, on the overruling of said motion, sentenced by the court to imprisonment for life in the Ohio penitentiary. At the trial in the court of common pleas there was no conflict or controversy in the evidence as to the fact that the defendant, Austin, on the day named in the indictment, August 28, 1903, shot and killed said Harry Hornung. The killing was not disputed, hut under the plea of not *320 guilty the defense was interposed that at the time of such killing the defendant was then insane. On petition in error to the circuit court the judgment of the court of common pleas was reversed and the ver-, diet of conviction was set aside for the reason and on the sole ground as stated in the entry of reversal, that said court of common pleas erred in refusing to give to the jury the following instruction- requested by the defendant, viz.: “Proof of prior insanity throws upon the state the burden of proving the crime perpetrated during a lucid interval. It defeats the legal presumption of sanity and creates a legal presumption of continued insanity.” To reverse this judgment of reversal the state prosecutes this proceeding in error. Whether the instruction so asked by defendant is a proper instruction and correctly states the rule of law upon the propositions involved therein and should therefore have been given to the jury in the form requested, is the question presented here for our determination. It must now be taken as the well established rule of law in this state, because of the numerous and uniform decisions of this court upon that subject, that in a criminal ease when the insanity of the defendant is pleaded or relied upon as a defense that such defense is affirmative in character and the burden of maintaining or establishing the same by a preponderance of the evidence rests with the defendant. Loeffner v. The State, 10 Ohio St., 598; Bond v. The State, 23 Ohio St., 349; Bergin v. The State, 31 Ohio St., 111; Kelch v. The State, 55 Ohio St., 146.
The authorities would seem also to be in entire accord upon the proposition that where a person is indicted and prosecuted for the commission of a crime, in order to make the insanity of the accused *321 available and effective to Mm as a defense such insanity must be shown to exist' at the very time of the commission of the act complained of. The law requires that the insanity proved, in order that it may be defensive, shall relate to the time of the commission of the alleged criminal act, and proof of the insanity of the defendant at a time prior thereto cannot of itself exempt him from punishment or acquit him of criminal responsibility. While it is entirely competent in a criminal case where the sanity of the accused is put in issue to show his mental condition both before and after the time of the commission of the alleged criminal act, yet from such evidence of his previous or subsequent mental condition no legal presumption arises that he was insane at the time he committed the criminal act, and such evidence is proper for the consideration of the jury only in so far as it reflects or throws light upon, or may aid the jury in determining, the question of whether in fact the insanity of defendant existed at the time of the alleged criminal act. It appears from the record in this case that the defendant in error, Levi S. Austin, was adjudged insane and on June 18, 1900, was committed to the Southwestern State Hospital for the insane at Marion, Va., and was discharged therefrom on September 1, 1900. He was afterwards readmitted to the same institution July 29, 1901, and discharged therefrom as restored on December 21, 1901, almost two years prior to the time of the alleged homicide. The nature of his disease or malady was, as testified by the physicians, that of ‘ ‘ recurrent insanity or recurrent mania with suicidal and homicidal tendencies.” While other evidence was introduced on the trial for the purpose of showing the conduct and *322 actions of the defendant prior and up to the time of the homicide, yet it is upon the proof made of these prior adjudications of defendant’s insanity that counsel predicate the claim that the special instruction requested by them in this case was correct and should have been given to the jury in the form requested. It is their contention that such proof of prior insanity established for the accused a status which overthrew and defeated the legal presumption of his sanity and created a legal presumption of his continued insanity, thereby imposing upon the state the burden-of proving that the act charged was committed by him during a lucid interval. In support of such contention, and as sustaining the correctness of the instruction asked by them, they cite us to a charge found in a foot note appended to the opinion of the court in the case of Clark v. The State, 12 Ohio, 483. This charge, ascribed to Judge Birchard, has, in one particular at least, viz.: in so far as it defines or prescribes a rule as to the quantum of evidence requisite to establish the defense of insanity, been expressly disapproved and overruled by this court in Kelch v. The State, 55 Ohio St., 151, and we are now clearly of the opinion that said charge is equally objectionable and erroneous in the effect it ascribes to the proof of prior insanity in criminal cases. The doctrine announced and the rule prescribed by this charge upon that subject is so out of harmony with the clear weight of authorities upon that proposition that we cannot admit its correctness. The charge in the above case as to the burden of proof and the legal presumption arising from proof of prior insanity is, in language and form, identical with the instruction asked by defendant in this case and is, as hereinbefore stated as fol *323 lows: “Proof of prior insanity throws upon the state the harden of proving the crime perpetrated during a lucid interval. It defeats the legal presumption of sanity and creates a legal presumption of continued lunacy.” The particular vice of this instruction is that it states the rule too broadly. It is doubtless true that insanity is often chronic and permanent, for instance from senile-dementia and congenital idiocy there can be as a rule no recovery, and where insanity in such form is once proven to exist its continuance may be inferred or presumed, such inference or presumption however being one of fact and not of law. There are perhaps but few other forms of insanity of which recovery may not be predicated, at least as a contingency, and as to these no presumption whatever is indulged or recognized that they are continuing in their nature. Underhill on Criminal Evidence, sec. 156.
Therefore, the burden being upon the defendant to show that he was insane 'at the time of the commission of the particular act charged, proof of mere temporary or recurrent insanity, such as is shown in this ease, at a time prior thereto, is clearly not sufficient to rebut or overcome the legal presumption of his sanity and to impose upon the state the burden of proving that at the time the act was committed the defendant was then sane. The burden of proof does not shift but all along it rests with the defendant, and if in any case he would overcome the legal presumption of his sanity and would exonerate himself from liability he must show by a preponderance . of the evidence that at the time of the commission of the alleged criminal act he was then so far mentally deranged or unsound as not to be answerable or accountable for his act. While proof of prior in *324 sanity is competent, whether a mental condition, shown to exist has continued down to the time of the commission of the alleged criminal act is solely a question of fact to be determined by the jury. And the defendant in a criminal case who sets up insanity as a defense does not relieve himself from showing his insanity at the very time of the commission of the criminal act, by proof merely that he was insane at an earlier time. In the case of Wheeler v. The State, 34 Ohio St., 395, A, being on trial for a crime, relied on insanity as a defense and as evidence tending to prove this defense offered a record from the probate court showing that four years previous to the commission of the alleged crime an inquest had been held in that court, and that he had been adjudged insane and confined in an asylum, the court held that the evidence was admissible, but the learned judge who wrote the opinion in that case, speaking of the office and effect to be given to such evidence, at page 396 says: “Inquests of this character are analogous to proceedings in rem, affecting the general and public interest, and no one can strictly be regarded as a stranger to them. And such condition of things as the insanity of a party being shown, there is a ■ presumption of more or less force, according* to circumstances, that the same condition continued. Nor does the time which may have elapsed since the inquest was held affect the question of its admissibility (Sergeson v. Sealey, 2 Atkyns, 412), though of ■ course, it may have great force on the question of the weight of the evidence.
“Ordinarily such inquisitions are not conclusive, but only prima facie evidence of incapacity, as will be seen from the authorities cited; but, on a question *325 like that in issue here, it is manifest they cannot he regarded as even prima facie evidence.”
In the present case the jury was correctly instructed by the trial court on the question of the burden of proof and on the matter of .insanity as a defense, and for the reasons we have herein stated we think there was no error in refusing to give the instruction asked by defendant in the form it was requested.
Finding no error in the record such as warranted the reversal of the judgment of conviction in this case, the judgment of the circuit court must be reversed and that of the common pleas affirmed.

Judgment accordingly.

Speak, C. J., Davis, Shauck, Pkice and Summers, " JJ., concur.